**UNITED STATES DISTRICT COURT**
**IN THE EASTERN DISTRICT OF MICHIGAN**

MITCHELL LEE RIVET, JR,                          :
                                                 :
    Plaintiff,                 :
v.                                               :      Case No.
                                                 :      Jury Trial Demanded
MIDLAND CREDIT MANAGEMENT, INC.

    Defendant.

_____/

## COMPLAINT

    The Plaintiff, MITCHELL LEE RIVET, JR. ("Plaintiff"), by and through his attorney, the Law Offices of Brian P. Parker, P. C., allege the following against Experian Information Solutions, Inc. ("Experian" or "Defendant"), and Midland Credit Management, Inc ("MCM"):

### Nature of Action

    1.  Plaintiff MITCHELL LEE RIVET, JR. brings this action against the Defendant, seeking damages and equitable relief, to redress Midland Credit Management, Inc ("MCM") systemic violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq- hereinafter, "FCRA") and for damages and injunctive relief based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*

### Parties

    2.  Plaintiff MITCHELL LEE RIVET, JR. ("Plaintiff") is a citizen of Michigan residing in Orchard Lake, County of Oakland, State of Michigan.

    3.  Defendant Midland Credit Management, Inc ("MCM"), is a Kansas-based

foreign entity and a furnisher of information as contemplated by the Fair Credit Reporting Act pursuant to 15 U.S.C. § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer. MCM's Resident Agent is Midland Funding, LLC, City of Troy, County of Oakland, State of Michigan.

## Jurisdiction and Venue

4. This Court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1367 and 1331.

5. Venue is proper in this Court under 28 U.S.C. 1391 as all Defendants transact business in this jurisdiction.

## Factual Background

6. In August of 2020, the Plaintiff was sued by MCM based upon three charged off debts that Plaintiff disputed:

| Account Number | Former Creditor | Account Balance |
|---|---|---|
| ************8409 | Synchrony Bank | $2,313.34 |
| ************5363 | Capital One Bank (USA), N.A. | $13,130.56 |
| ************6636 | Citibank, N.A. | $17,643.14 |

**Please see the MCM Lawsuit against the Plaintiff in the 33rd State District Court Exhibit 1**.

7.     In his state court responsive pleadings, Mr. RIVET *disputed* and denied he owed the three debts to MCM. **Please see Plaintiff's Affidavit of Dispute of October 2020 at Exhibit 2**.

8.     Late in December of 2020, MCM agreed to dismiss the case with prejudice.  Further details of the Release and resolution of the debt case were written into an Agreement that included a Confidentiality clause and removal of the debts from Plaintiff's credit report, automatic to a dismissal by prejudice.

9.     After the state court case was resolved in December of 2020, in late January of 2021 Plaintiff received an alert on his credit report that the collection account debts were renewed on his credit for ***********8409 with former creditor Synchrony Bank for $2,313.34 and ***********5363 with former creditor Capital One for $13,130.56 as owned by a Debt Buyer, Midland Credit Management, Inc. and remained on his credit.

10.     On or about February 2, 2021 Plaintiff sent a dispute and demand for investigation letter to Trans Union, Equifax, Experian and the Defendant, MCM. **Please see Dispute letter at Exhibit 3**.

11.     On the Dispute Results from Experian on 2/24/2021, Defendant MCM confirmed and verified to Experian that the two debts of $2,313.34 and $13,130 were owed to MCM by Mr. Rivet. **Please see Dispute Results at Exhibit 4**.

12.     On the Dispute Results from Trans Union on 2/21/2021, Defendant MCM confirmed and verified that the two debts of $2,313.34 and $13,130 were owed to MCM by Mr. Rivet. **Please see Dispute Results at Exhibit 5**.

13.     On the Dispute Results from Equifax on 2/19/2021, Defendant MCM confirmed and verified to Equifax that the two debts of $2,313.34 and $13,130 were owed to MCM by Mr. Rivet. **Please see Dispute Results at Exhibit 6**.

14.     In February of 2021, Plaintiff learned the third debt from the lawsuit he faced in the state court lawsuit was still on his credit report listing as a collection account from Debt Buyer MCM at ************6636, from the former creditor Citibank for an amount of $17,643.14.

15.     On or about February 22, 2021 Plaintiff sent a dispute and demand for investigation letter for the third debt to Trans Union, Equifax, Experian and the Defendant, MCM. **Please see Dispute letter at Exhibit 7**.

16.     On the Dispute Results from Experian 3/02/2021, Defendant MCM confirmed and verified to Experian that the third debt of $17,643 was owed to MCM by Mr. Rivet. **Please see Dispute Results at Exhibit 8**.

17.     On the Dispute Results from Trans Union on 03/06/2021 and 03/24/2021, Defendant MCM confirmed and verified to Trans Union that the third debt of $17,643 was owed to MCM by Mr. Rivet. **Please see Dispute Results at Exhibit 9**.

18.     On the Dispute Results from Equifax on 2/19/2021, Defendant MCM confirmed and verified to Equifax that the third debt of $17,643 was owed to MCM by Mr. Rivet. **Please see Dispute Results at Exhibit 10**.

19.      As a result of MCM's false and inaccurate reporting and false confirmation of the debts being owed to MCM by Mr. Rivet post Dispute and Demand for Investigation as stated above, the three falsely and inaccurately reported collection

accounts remain on Plaintiff's Experian, Trans Union and Equifax credit reports today.

**Please see Mr. Rivet's Affidavit of Dispute at Exhibit 11**.

20.     Mr. RIVET's ability to seek other credit in his life was severely damaged by this false reporting by Defendant MCM and Plaintiff has suffered great financial and mental distress and damage as a result of the violations of the FCRA by Defendant.

**Please see Plaintiff Affidavit at Exhibit 11**.

21.     In violation of Fair Credit Reporting Act, 15 U.S.C. § 1681s(2)(b) *et seq.* Defendant MCM placed false information and trade lines on Plaintiff's credit reports and histories after receiving notification of a dispute and demand for reinvestigation and failed to repair or remove or delete the false information from Plaintiff's credit reports after receiving his dispute.

22. As a result of the negative and inaccurate credit reporting, the Plaintiff's credit scores continue to be adversely affected, and the Plaintiff's credit reputation was and continues to be wrongfully damaged as a result of the MCM reporting inaccuracies stated above.

23.  "The duty to correct an incomplete or inaccurate report equally extends to the discovery of both inaccurate or incomplete consumer information and to the discovery of consumer information that is materially misleading." *Boggio v. USAA Fed. Saving Bank*, 696 F.3d 611, 614 (6th Cir. 2012).

24. The Sixth Circuit has established that the elements necessary to assert a claim under 1681e(b) involve a Plaintiff proving (1) the Defendant reported inaccurate information about the Plaintiff; (2) the Defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information

about the Plaintiff; (3) the Plaintiff was injured; and (4) the Defendant's conduct was the proximate cause of the Plaintiff's injury. *Nelski* at 844.

25. A credit report is "inaccurate when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Poore v. Sterling Testing Systems, Inc.,* 410 F.Supp.2d 557 (E.D.Ky. 2006) See also *Dickens v. Trans Union Corp*., 18 F. App'x 315, 318 (6th Circ. 2001).

26. An FCRA violation occurs when CRAs provide information that creates a "materially misleading impression," that omits material to create "incomplete or inaccurate" information, or even when a furnisher fails to identify that a consumer has disputed his information, when the dispute is a bona fide one that "could materially alter how the reported debt is understood." *Boggio v. USAA Federal Sav. Bank*, 696 F.3d 611, 617-18 (6th Cir. 2012).

27. As stated above and as a result of the damage caused by the Defendant MCM and its failure to honor and abide by the FCRA, the Plaintiff seeks equitable damages, including correction of the subject trade line from the Plaintiff's credit report, along with monetary damages, both actual, punitive, and statutory due to the failure of the Defendant to properly modify or delete the account information at issue, in whatever amount a jury finds Defendants liable, plus attorney fees, litigation costs, and court costs.

## COUNT I- Violation of the FCRA by MCM

28. The Plaintiff incorporates by reference the aforementioned allegations and Exhibits as if restated fully herein word for word.

29. Pursuant to 15 U.S.C. 1681s-2(a)(1)(A), a person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows

or has reasonable cause to believe that the information is inaccurate.

30. As stated above, MCM purchased old debts and is collecting those three debts from Plaintiff through its placing of inaccurate and false collection accounts on Plaintiff's credit reports with Experian, Equifax and Trans Union and falsely confirming their "collection status" and delinquencies as reported by MCM after it received FCRA dispute letters from Plaintiff (**Exhibit 3** and **Exhibit 7**).

31. Every circuit to have addressed the issue holds that an investigation undertaken by a furnisher such as MCM upon receipt of the disputes such as those outlined in this case specific to each Plaintiff must be a reasonable one.  *See Johnson v. MBNA a. Bank, NA*, 357 F.3d 426, 430-31 (4th Cir. 2004).  The term "investigation" itself denotes a "fairly searching inquiry" or at least something more than a merely cursory review."  *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1155-57 (9th Cir. 2009).

32. A simple review of MCM's own records and the letters and disputes in 2020 and 2021 regarding the state lawsuit and settlement of the case with the state court would have revealed that the dispute of the Plaintiff was justified and that collection accounts required correction on the three credit reports of Mr. RIVET.

33. Even assuming a reasonable investigation was first undertaken by each respective credit reporting agency upon receipt of the Plaintiff's various disputes, MCM only then further violated the Fair Credit Reporting Act, 15 U.S.C. § 1682s-2(b) by falsely verifying the debts and it's true current status when contacted by Experian, Trans Union and Equifax to wrongfully ignore the respective disputes lodged by Plaintiff and further, that MCM subsequently provided false and inaccurate account status data only further suggests a complete, systemic failure on the part of MCM to properly address the

dispute of Plaintiff as required under the FCRA.

34. MCM reported inaccurate information concerning Mr. RIVET to the above reporting agencies while doing so both prior to and following the Plaintiff's various disputes. Today, the inaccurate and false MCM trade lines are still being reported by MCM with Experian, Trans Union and Equifax. **Please see Exhibit 11**.

35. Upon information and belief each agency forwarded the Plaintiff's respective disputes to MCM upon receipt of each, who received it and thereafter demonstrably failed to conduct a reinvestigation consistent with its' obligations as set forth in 15 U.S.C. 1682s-2(b)(1)(A)-(E).

36. Section 1682s-2(b) provides that after receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.  In addition, a person shall complete all investigations, reviews, and reports under this subsection before the expiration of the period set forth under 15 U.S.C. § 1681i(a)(1).

37.  Contrary to the mandates of Section 1682s-2(b) and as stated above, MCM committed such violations willfully or negligently thereby violating 15 U.S.C. §1681n and or §1681o.

38. Section 1861n provides that any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

39. Section 1861n provides that any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

40. After receiving the Plaintiff's Disputes at **Exhibit 3** and **Exhibit 7**, MCM negligently violated 15 U.S.C. §§ 1681s-2(b) and 1681o; alternatively, MCM willfully violated 15 U.S.C. §§1681s-2(b) and 1681n.

41. In addition, when a person "willfully fails to comply with any requirement imposed…with respect to any consumer," that consumer may seek actual or statutory damages, as well as punitive damages and attorney's fees and costs. *Beaudry v. Telecheck, Servs., Inc.,* 579 F.3d 702, 705-06 (6th Cir. 2009).

**42.** The Plaintiff suffered clear and unequivocal damages because of these violations of the FCRA by MCM. **See Plaintiff's Affidavit at Exhibit 11**.

## COUNT II- Violation of the Fair Debt Collection Practice Act by MCM

## (15 U.S.C. 1692e (8))

43. The Plaintiff incorporates by reference the aforementioned allegations and Exhibits as if restated fully herein word for word.

44. Defendant MCM's principal purpose of its business is the collection of old debt and collects, attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors under the FDCPA.

45. MCM is a "debt collector" as defined by 15 U.S.C. Sec. 1692a (6). In *Barbato v. Greystone Alliance, L.L.C.*, 2019 WL 847920 (3d Cir. Feb. 22, 2019), the Third Circuit held that a debt buyer is a debt collector under the "principal purpose" prong, holding that "an entity that otherwise meets the 'principal purpose' definition cannot avoid the dictates of the FDCPA merely by hiring a third party to do its collecting."

46. The alleged debts being collected on the Plaintiff' credit reports by MCM are a "debt" as defined by 15 U.S.C. §1692a (5).

47. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a (6). Defendant MCM is a debt collector under the FDCPA.

48. The Defendant regularly attempts to collect consumer debts alleged to be due another and are a debt collector as provided in 15 U.S.C. 1692a (6). The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation.

49. Under 15 USC 16923(8), A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(8)** Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

50. Defendant MCM s communicated false credit information regarding Mr. Rivet owing three collection accounts of over $32,000 to Mr. Rivet's Equifax, Trans Union and Experian credit reports and continued to do after Mr. Rivet disputed owing the debts at **Exhibit 1**, the state case lawsuit was resolved with prejudice in December of 2020 and after Mr. Rivet disputed and sought investigation of the debts in **Exhibit 3** and **Exhibit 7**.

51. Because of Defendant MCM's material and wrongful conduct, Plaintiff has suffered statutory, actual, emotional, and financial damages and seeks their attorney fees and costs under the FDCPA. **Please see Exhibit 12**.

52. Plaintiff seeks judgment against the Defendants in whatever amount that Plaintiff is entitled to plus statutory, actual, and consequential damages and the costs and expenses of this action.

## Demand for Judgment and Relief

**WHEREFORE**, based upon the foregoing facts, the Plaintiff MITCHELL LEE RIVET, JR. respectfully request the following relief under the FCRA and FDCPA:

(A)     Statutory and actual damages in an amount to be determined by the Court.

(B)     Deletion or correction of any and all accounts being wrongfully reported

        by the Defendants.

(C)     Statutory costs and attorney fees under the FCRA and FDCPA.

(D)     Injunctive relief, including but not limited to correction of the account.

(E)     Compensatory and/or punitive damages.

(F)     Any other relief which the Court deems appropriate.

**Demand for Trial by Jury**

Plaintiff demands trial by jury.

                        RESPECTFULLY SUBMITTED,

                        LAW OFFICES OF BRIAN P. PARKER, PC

Date:  April 19, 2021        /s/ Brian P. Parker_____
                        Brian P. Parker (P48617)
                        Attorney for Plaintiff